IN THE UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF TEXAS**
**(HOUSTON DIVISION)**

| | |
|---|---|
| BROOKE WILLIAMS <br> c/o Forester Haynie <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> On Behalf of Herself and <br> All Other Similarly Situated Individuals, <br><br> PLAINTIFF, <br><br> vs. <br><br> TEXLEY INC. <br> d/b/a GLAMOUR GIRLS <br> 14428 Hempstead Highway <br> Houston, Texas 77040 <br><br> SERVE: Afshin Minooe <br> 14428 Hempstead Highway <br> Houston, Texas 77040 <br><br> DEFENDANT. | Case No. 4:21-cv-359 |

## COLLECTIVE ACTION COMPLAINT

1. This is a collective action brought by Plaintiff Brooke Williams ("Plaintiff") against Defendant Texley Incorporated d/b/a Glamour Girls Cabaret, a strip club located at 14428 Hempstead Highway, Houston, Texas 77040 (hereafter, "Glamour Girls Cabaret").

2. The collective is composed of female exotic dancers who, during the relevant statutory recover period of February 2018 through the date of judgment in this case ("the relevant period").

3. Each member of the collective worked as a female exotic dancer at the Glamour Girls Cabaret in Houston, Texas.

4. Glamour Girls Cabaret misclassified each member of the collective as an independent contractor and, in so doing, denied her minimum wage compensation due and owing under the Federal Fair Labor Standards Act ("FLSA").

5. On a class-wide basis, Glamour Girls Cabaret willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at the French Quarter Club in direct violation of the FLSA.

6. Plaintiff brings this class and collective action against Glamour Girls Cabaret seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7. Plaintiff is an adult resident of Daisetta, Texas.

8. Plaintiff hereby affirms her consent, in the writing of this Complaint, to participate a named plaintiff in a collective action against Glamour Girls Cabaret under the FLSA.

9. Glamour Girls Cabaret is a corporation, formed under the laws of Texas that operates as a strip club in Houston, Texas.

10. Glamour Girls Cabaret qualified as Plaintiff's employer and the employer of all other exotic dancers at Glamour Girls Cabaret's strip club within the meaning of the FLSA.

11. During the relevant period, Glamour Girls Cabaret had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in

interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

12. This Court has personal jurisdiction over Glamour Girls Cabaret, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331.

13. Pursuant to the foregoing, jurisdiction and venue is proper for the prosecution of this action in the United States District Court for the Southern District of Texas.

## FACTS

14. Plaintiff was employed by Glamour Girls Cabaret as an exotic dancer at Glamour Girls Cabaret's strip club in Houston, Texas, for the period of about February 2016 through about October 2019.

15. During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

16. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

17. On average, Plaintiff worked about five (5) shifts per week for a total of about thirty-five (35) or more hours per week.

18. On information and belief, Glamour Girls Cabaret is in possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Glamour Girls Cabaret during the relevant period.

19. At all times, Glamour Girls Cabaret had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers.

20. At no time during Plaintiff's period of employment did Glamour Girls Cabaret ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

21. At all times relevant, Glamour Girls Cabaret totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

22. At all times relevant, Glamour Girls Cabaret misclassified Plaintiff and all other exotic dancers as independent contractors when each of these individuals should have been classified under the FLSA as employees.

23. At all times, Glamour Girls Cabaret controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the club through employment rules and workplace policies.

24. At all times, Glamour Girls Cabaret controlled the method by which Plaintiff and all other exotic dancers could earn money inside the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

25. At all times, Glamour Girls Cabaret required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Glamour Girls Cabaret.

26. Glamour Girls Cabaret hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

27. Glamour Girls Cabaret, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

28. Glamour Girls Cabaret conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Glamour Girls Cabaret's sole discretion, Glamour Girls Cabaret's management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the club.

29. Glamour Girls Cabaret had the right to suspend or send Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if Glamour Girls Cabaret's ownership or management, at its discretion, did not want Plaintiff or any other dancer at the club.

30. As a condition of employment with Glamour Girls Cabaret, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

31. Glamour Girls Cabaret is and was in the business of operating a strip club featuring female exotic dancers.

32. It was Plaintiff's job duty and it is/was the job duty of each other exotic dancer to perform as female exotic dancers for the entertainment of Glamour Girls Cabaret's customers.

33. In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Glamour Girls Cabaret required Plaintiff and all other exotic dancers to pay Glamour Girls Cabaret a per-shift house fee or kickback of $40.00 or more for each shift worked.

34. In addition to requiring Plaintiff and other dancers to pay Glamour Girls Cabaret a per shift house fee payment, Glamour Girls Cabaret also required Plaintiff and other dancers to pay at least $20.00 of their per-shift tips to Glamour Girls Cabaret's DJ and other non-dancer / non-customarily tipped employees.

35. As part of their job duties, Plaintiff and other exotic dancers customarily performed private and semi-private dances for Glamour Girls Cabaret' customers.

36. Per Glamour Girls Cabaret's club policy, when Plaintiff and other dancers performed private and semi-private dancers, Glamour Girls Cabaret's customer paid Plaintiff or the other exotic dancer a club-set fee or charge for the performance of the private or semi-private dance. Thereafter, and without the customer's knowledge or consent, Glamour Girls Cabaret assigned and deducted about 30%-50% of the dance charge and kept the money for Glamour Girls Cabaret's own use and benefit.

37. At all times during the relevant period, without legal excuse or justification, Glamour Girls Cabaret regularly and customarily kept and/or assigned tips or gratuities Plaintiff and other exotic dancers received from Glamour Girls Cabaret's customers and took this money to pay Glamour Girls Cabaret's management and non-tipped employees.

38. At all times relevant to this action, Glamour Girls Cabaret and its management had actual or constructive knowledge of ongoing or past litigation by exotic dancers against strip clubs like the Glamour Girls Cabaret in which the exotic dancers challenged their independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA and state wage and hour laws.

39. At all times relevant to this action, Glamour Girls Cabaret and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the club were employees and not independent contractors.

40. At all times relevant to this action, Glamour Girls Cabaret and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the club were owed and should have been paid minimum wage compensation under the FLSA.

41. For the entire time period relevant to this action, Glamour Girls Cabaret had actual or constructive knowledge it misclassified Plaintiff and other exotic dancers at the club as independent contractors instead of as employees and that its failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff is pursuing this lawsuit as a collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individual who at any time during the relevant period worked as exotic dancers at Glamour Girls Cabaret and were misclassified as independent contractors and were not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

42. Plaintiff and the members of the Collective are similarly situated because each was (1) improperly classified as independent contractors; (2) not paid any wages by Glamour Girls Cabaret for hours worked; (3) a victim of tip theft whereby Glamour Girls Cabaret kept and/or assigned to management her tips and gratuities received from customers; (4) required to pay per-shift house fee or kickback to Glamour Girls Cabaret for each shift worked; and (5) not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

43. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Glamour Girls Cabaret for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Glamour Girls Cabaret and/or Glamour Girls Cabaret' management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Glamour Girls Cabaret' failure to pay minimum wage compensation as required by the FLSA.

44. On information and belief, Glamour Girls Cabaret employed at least fifty (50) current and former exotic dancers in the past three (3) years.

45. On information and belief, Glamour Girls Cabaret is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Glamour Girls Cabaret in the past three (3) years.

## CAUSE OF ACTION

### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

46. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

47. The FLSA required Glamour Girls Cabaret to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

48. The FLSA required that Glamour Girls Cabaret allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

49. As set forth above, Glamour Girls Cabaret failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

50. Without legal excuse or justification, Glamour Girls Cabaret kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

51. Glamour Girls Cabaret's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Glamour Girls Cabaret for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

C. Judgment against Glamour Girls Cabaret for unlawfully taking and/or assigning tips and gratuities and other money paid by customers to Plaintiff and other similarly situated individuals and belonging to Plaintiff and other similarly situated individuals in violation of the FLSA;

D. Judgment against Glamour Girls Cabaret for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the FLSA;

E. Judgment that Glamour Girls Cabaret's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Glamour Girls Cabaret;

F. Judgment that Glamour Girls Cabaret's violations of the FLSA minimum wage requirements were willful;

G. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

H. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Glamour Girls Cabaret and/or Glamour Girls Cabaret's management;

I. An award to Plaintiff and those similarly situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Glamour Girls Cabaret and/or Glamour Girls Cabaret's management;

J. An award of statutory liquidated damages in amounts prescribed by the FLSA;

K. An award of attorneys' fees and costs to be determined by post-trial petition;

L. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: February 3, 2021

/s/ Meredith Black-Mathews
Meredith Black-Mathews
Texas Bar No. 24055180
J. Forester
Texas Bar No. 24087532
Forester Haynie
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 (ph)
(214) 346-5909 (fax)
Email: mmathews@foresterhaynie.com
          jay@foresterhaynie.com

Gregg C. Greenberg, Esq.
To be Admitted by *Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class/Collective*